IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-178-BO

| | |
|---|---|
| CAROLINE CRAMER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on these matters before the undersigned on August 31, 2017, in Edenton, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disabled widow's benefits and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Plaintiff filed her application on May 11, 2012, alleging her period of disability started on December 31, 2007. Plaintiff filed for disabled widow's benefits, and so her window of eligibility began on November 28, 2007, and extended to November 30, 2014. After initial denial, a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable ruling. The Appeals Council remanded for further consideration, and on September 16, 2014, the ALJ held a second hearing. The ALJ again issued an unfavorable ruling. The decision of the ALJ became the final

decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision

regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform her past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that Plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's depression, anxiety, hepatitis C, degenerative joint disease, history of left ulnar nerve block, and post-foot surgery status were considered severe impairments at step two, but were not found alone or in combination to meet or equal a Listing at step three. The ALJ then concluded that Plaintiff had the RFC to perform light work, with additional exertional limitations. The ALJ found that Plaintiff was unable to return to her past relevant work, but that, considering Plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert ("VE"), there were other jobs that existed in significant numbers in the national economy

3

that Plaintiff could perform. Thus, the ALJ determined that Plaintiff was not disabled within the meaning of the Act.

The ALJ's decision in this instance is not supported by substantial evidence. The ALJ determined that plaintiff had moderate difficulties with concentration, persistence, or pace with specifically noted concentration issues. Tr. 48. The only mental modification the ALJ included in the RFC, however, was a limitation to simple, routine, repetitive tasks. Tr. 49. The Fourth Circuit distinguishes between different kinds of non-exertional limitations. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), quoting *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1180 (11th Cir. 2011)) ("An ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Accordingly, the ALJ did not include any limitations in the RFC for plaintiff's limitations in concentration, persistence, and pace, and did not explain why plaintiff's limitations did not translate into a limitation in her RFC. This was in error.

In Social Security disability cases, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir.1989)). The failure of the ALJ to properly consider the above evidence and testimony in determining whether plaintiff's conditions were severe or whether they constituted non-exertional limitations was in error. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare

4

circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford* at 295 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

Therefore, the result of the ALJ's failures to address or weigh the above evidence in accordance with the principles discussed was not harmless error and the matter should be remanded for further consideration.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _18_ day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5